# United States Court of Appeals
## For the First Circuit

No. 20-2117

IN RE: AIRES DA GRACA; CONROY LEWIS; CYRIL OKOLI; DARLIN ALBERTO GUILLERMO; DIMITAR DASKALOV; EDSON MARTINS; EMMANUEL LOPEZ; FLAVIO PRADO JUNIOR; FRED KAYITARE; GABRIEL DE LA PAZ; JOAO AMADO; KEITH WILLIAMS,

Petitioners,

v.

STEVEN J. SOUZA, in his official capacity as Superintendent of the Bristol County House of Correction,

Respondent,

TAE D. JOHNSON, in his official capacity as Acting Director for U.S. Immigration and Customs Enforcement; ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security; IMMIGRATION CUSTOMS ENFORCEMENT; TODD M. LYONS, in his official capacity as Acting Director of the Boston Field Office of Immigration and Customs Enforcement; THOMAS M. HODGSON, in his official capacity as Bristol County Sherriff,

Respondents.

Before
Lynch, Selya, and Kayatta,
Circuit Judges.

**ORDER OF COURT**
Entered: June 22, 2021

Petitioners' motion to vacate the panel's March 17, 2021 decision and judgment is denied.

The panel's March 17, 2021 decision denied petitioners' request for a writ of mandamus to reverse or vacate the district court's order denying them bail pending a final determination of their habeas claims. After the panel decision issued, petitioners filed a petition for rehearing or rehearing en banc. While their rehearing petition was pending, the district court approved a

settlement agreement between the petitioners and the government in Savino v. Souza, No. 1:20-cv-10617-WGY (D. Mass. May 13, 2021). The parties agree that this settlement moots the mandamus petition addressed by the panel opinion. Petitioners argue that because the underlying dispute is moot, the panel's opinion and judgment should be vacated. Respondents oppose vacatur.

As the Supreme Court has made clear, vacatur is an equitable remedy. See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994). When "mootness results from settlement, . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." Id. Vacatur is available only in "extraordinary circumstances." Id. at 29. No such circumstances exist here. The petitioners, through class counsel, voluntarily settled their claims. They argue that class counsel settled the case against their wishes, but they have not appealed the district court's approval of the settlement and class counsel to this day still serves as their chosen lawyer. Absent extraordinary circumstances, allowing parties who voluntarily settle their claims "to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system." Id. at 27.

Petitioners argue that Bonner Mall is inapplicable because it addressed "whether appellate courts . . . should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari is granted." Id. at 19 (emphasis added). They say that, instead of Bonner Mall, we should apply the Supreme Court's two-sentence 1942 per curiam decision in Stewart v. Southern Railway Co., 315 U.S. 784 (1942), where the Court vacated its own judgment because "the case has been settled" "[u]pon petition for hearing." As other courts have recognized, Bonner Mall is the "Supreme Court's latest word on vacatur." Mahoney v. Babbitt, 113 F.3d 219, 221 (D.C. Cir. 1997). There is no reason why Bonner Mall's logic does not apply when deciding if an appellate court should vacate its own opinion. See id. ("At the time of the allegedly mooting circumstances, . . . the case had arrived here, and we had decided it. Thus, the vacatur question is now controlled . . . by [Bonner Mall]"); see also Humphreys v. Drug Enf't Admin., 105 F.3d 112, 116 (3d Cir. 1996) ("In light of later Supreme Court case law, such as [Bonner Mall], limiting the circumstances in which an appellate decision must be vacated . . ., it cannot be said that Stewart [controls]."). Applying the Bonner Mall test, we see no basis to vacate our prior decision.

Petitioners also argue that the fact that U.S. Immigration and Customs Enforcement ("ICE") decided on May 20, 2021 to close Bristol County House of Correction, where some of the petitioners had been detained, independently moots the case and makes Bonner Mall inapplicable. But ICE's decision post-dates the settlement that petitioners voluntarily entered into. The case did not "become moot due to circumstances unattributable to any of the parties." Bonner Mall, 513 U.S. at 23 (quoting Karcher v. May, 484 U.S. 72, 83 (1987)). It was already moot due to the parties' actions when ICE made its decision.

By the Court:

Maria R. Hamilton, Clerk

cc:   Hon. William G. Young, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, Felicia H. Ellsworth, John Joseph Butts, Lisa Pirozzolo, Vinita Ferrera, Sameer Ahmed, Michael J. Wishnie, Muneer I. Ahmad, Nicole M. Fontaine Dooley, Ivan E. Espinoza-Madrigal, Oren McCleary Sellstrom, Annaleigh Elizabeth Curtis, Oren Nimni, Lauren A. Sampson, Elizabeth E. Driscoll, Gary Barrington Howell-Walton, Michael J. Brown, Mikayla C. Foster, Rama S. Attreya, Sara Michelle Zampierin, Katie Quigley, Andres O'Laughlin, Thomas E. Kanwit, Donald Campbell Lockhart, Michael P. Sady, Christina Parascandola, William C. Silvis, Michelle Ramus, William W. Fick, John A. Hawkinson